IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Louis Gainey, Jr., #185519,           )
                                      )
                    Petitioner,       )
                                      )        Civil Action No. 5:15-3253-BHH
v.                                    )
                                      )               **ORDER**
Warden Leroy Cartledge,               )
                                      )
                    Respondent.       )
_____)

        This matter is before the Court on Petitioner Louis Gainey, Jr. ("Gainey" or

"Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In

accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the

matter was referred to a United States Magistrate Judge for initial review.  On May 23,

2016, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report"),

outlining the issues and recommending that the Court deny Petitioner's motion to stay and

grant Respondent's motion for summary judgment.  Petitioner filed written objections to the

Report, a motion to stay, and a motion to amend.  After Respondent filed responses in

opposition to Petitioner's filings, Petitioner filed replies, and the matters raised therein are

ripe for review.

## BACKGROUND

        Petitioner is incarcerated at the McCormick Correctional Institution of the South

Carolina Department of Corrections ("SCDC").  In 2007, the Richland County Grand Jury

indicted Petitioner for assault and battery with intent to kill ("ABWIK").  Petitioner, who was

represented by attorneys James D. Cooper and Earnest Dean O'Neil, proceeded to a jury

trial from September 1 to September 3, 2007, before the Honorable L. Casey Manning.

The jury convicted Petitioner, and Judge Manning sentenced him to life in prison without the possibility of parole.

Appellate Defender Katherine Hudgins represented Petitioner on direct appeal, filing an *Anders* brief raising the following issue:

> Did the trial judge err in charging the jury that malice may be inferred from the use of a deadly weapon where there was evidence presented that would reduce the charge from assault and battery with intent to kill to assault and battery of a high and aggravated nature?

(R. at 413; ECF No. 27-2 at 107.)   On February 1, 2012, the South Carolina Court of Appeals dismissed Petitioner's appeal in an unpublished opinion.  (R. at 420-21; ECF No. 27-2 at 421.)  On June 26, 2012, the South Carolina Court of Appeals issued a remittitur. (ECF No. 27-4.)

On July 6, 2012, Petitioner filed an application for post-conviction relief ("PCR"), raising the following grounds, taken verbatim from his memorandum in support:

> 1.  Trial counsel prejudice defendant failure request for a second mental evaluation opinion to deter if the defendant was incompetency to stand trial. Violation 6th Amendment & 14th Amendment due process of law.
> 2. Trial counsel prejudice the defendant by failing to object to the defendant been seen in front of the jury member eyes with shackles on in the witness stand so prejudice to a fair trial by the member of jury.
> 3. Trial counsel prejudice defendant for failing to prepare and to conduct a proper pre-trial investigation.
> 4. Counsel prejudice Applicant failure to object to state closing when solicitor stated you see how large the stab wound was.
> 5. Trial counsel prejudice the Applicant failing to object to the malice charge violation 6th Amendment.
> 6. Counsel prejudice the Applicant failure to object when the first officer at the seen stated that I ran by his car so fast.

(R. at 432, 438, 443, 451, 453, and 457.)

Petitioner, who was represented by attorney David E. Belding, appeared at a PCR hearing on January 15, 2013, before the Honorable Thomas G. Cooper.  Petitioner, his two

trial attorneys, and Petitioner's brother testified as witnesses during the PCR hearing.  In an order filed on March 8, 2013, the PCR court denied Petitioner's PCR application in full.[1]

PCR counsel filed a notice of appeal on Petitioner's behalf on March 15, 2013.  (ECF No. 27-5.)  On appeal, Appellate Defender Susan B. Hackett filed a *Johnson* petition for a writ of certiorari on Petitioner's behalf.  (ECF No. 27-6.)  The South Carolina Supreme Court denied the appeal on October 8, 2014, and a remittitur was sent on October 24, 2014.  (ECF No. 27-7.)

In the meantime, Petitioner filed a second PCR application on October 29, 2013, arguing:

a) Ineffective assistance of PCR counsel.
b) Violation of the 14th Amend. per U.S. and S.C. Const.s.
c) Violation of the 6th and 14th Amend. per U.S. and S.C. Const.s.
d) After/Newly discovered evidence.

(ECF No. 27-8 at 2.)  The State filed a return on April 15, 2014, asserting that Petitioner's second PCR action should be dismissed as successive.  In addition, the State argued that the second PCR application should be dismissed based on the doctrine of *res judicata* and because Petitioner failed to comply with the filing procedures of the Uniform Post-Conviction Procedure Act.  (ECF No. 27-9 at 4.)

On May 7, 2014, the Honorable Robert E. Hood issued a conditional order of dismissal,[2] denying and dismissing the action, and on July 1, 2014, after Petitioner failed to respond to the conditional order, Judge Hood issued a final order of dismissal.  (ECF No.

---

[1]  This Court incorporates pages three through eleven of the Magistrate Judge's report, wherein she sets forth the PCR court's detailed findings and conclusions.

[2]  The Conditional Order of May 7, 2014, is not part of the record before the Court.

3

27-10.)  On July 16, 2014, Petitioner filed a Rule 59(e) motion requesting that the PCR court alter and amend its final order of dismissal.  On June 19, 2015, however, Judge Hood issued an amended final order of dismissal, denying Petitioner's motion to alter or amend. (ECF No. 27-12.)  Petitioner did not appeal Judge Hood's amended final order of dismissal but instead filed a "reply" to the order.  (ECF No. 27-13.)

On August 17, 2015, Petitioner filed the instant habeas corpus petition, raising the following grounds for relief, quoted verbatim:

> GROUND ONE: The trial just erred in charging the jury that malice may be inferred from the use of a deadly weapon where there was evidence presented that would reduce the charge from assault and battery with intent to kill to assault and battery of a high and aggravated nature.
>
> GROUND TWO: In violation of Petitioner's right to the effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, trial counsel failed to object to the trial judge's instruction to the jury which permitted the jury to infer malice from the use of a deadly weapon in order to convict him of assault and battery with intent to kill
> ISSUES PRESENTED:
> (1) Whether the PCR court errored in ruling that trial counsel was not ineffective in failing to object to Petitioner being seen in shackles.
> (2) Whether the PCR court errored in ruling that trial counsel was not ineffective in failing to have a second mental evaluation conducted.
> (3) Whether the PCR court errored in ruling that trial counsel was not ineffective in failing to investigate the matters of the nail file vs. screwdriver.
> (4) Whether the PCR court errored in ruling that trial counsel was not ineffective in failing to object to the judge's instruction to the jury which permitted the jury to infer malice from the use of a deadly weapon in order to convict him of assault and battery with intent to kill.
>
> GROUND THREE:
> Violation of the 6th and 14th Amend per U.S. and S.C. Const.
> (1) The Applicant further argues that if this court deem that Applicant current P.C.R. and grounds is barred . . . for any reason(s) Applicant argue that S.C. Const. and S.C. Uniform Post-Conviction Procedure Act itself violates the 6th and 14th Amend. per the Fed./U.S. Const.
>
> GROUND FOUR:
> After/Newly Discovered Evidence

4

Applicant argues that after his P.C.R. hearing he found out that SCDC per Dir. of H.I.R. Nadine Pridgen that S.C.D.C. does not have "any" of his mental health records from 91-98.

(ECF No. 1-1 at 1, 3, 11-12, 60-61, and 66.)

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then

summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## III.   Habeas Corpus

Because Gainey filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the

6

governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### A.    Exhaustion of Remedies and Procedural Bar

In the interest of giving state courts the first opportunity to consider alleged constitutional errors in a state proceeding, relief under § 2254 may be had only after a petitioner has exhausted his state court remedies. "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997).

To exhaust a claim in state court, a person in custody has two primary means of attacking his conviction: filing a direct appeal and/or filing an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10, *et seq.* If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, then counsel for the applicant must file a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. South Carolina*, 653 S.E.2d 266, 267 (S.C. 2007); *see also Marlar v. Warden, Tyger River Correctional Inst.*, 432 F. App'x 182, 186-88 (4th Cir. May 25, 2011). "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (Mem) (S.C. 1990).

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a federal habeas petitioner has procedurally defaulted his opportunity for relief in the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews*, 105 F.3d 907 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *Teague v. Lane*, 489 U.S. 288, 297-98 (1989), and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)). Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. *Teague,* 489 U.S. at 297-98.

Nevertheless, because the requirement of exhaustion is not jurisdictional, a federal court may, in very limited circumstances, consider claims that have not been presented to the highest South Carolina court with jurisdiction. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court will review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice resulting from the failure, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

"Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if

8

he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir.1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## B.    Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so

9

as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

## ANALYSIS

### I.    Petitioner's Motions to Stay

On September 23, 2015, Petitioner filed a motion to stay his habeas corpus petition, asserting that he has a "pending 2254 with ground 3 and 4 issues-which is also pending in the state court." (ECF No. 23 at 1.) On November 2, 2015, Respondent filed a response in opposition to Petitioner's motion, arguing that no stay is required because no grounds are still available for review in state court. (ECF No. 33.) Petitioner filed a reply asserting that he has a "pending mandamus 2015-CP-40-03215 on his matters upon his second PCR as well." (ECF No. 37 at 1.)

Ultimately, the Magistrate Judge conducted a Public Index Records search and learned that Petitioner's writ of mandamus was dismissed pursuant to Rule 12(b) of the South Carolina Rules of Civil Procedure on January 29, 2016. (ECF No. 59.) On May 13, 2016, in accordance with the Magistrate Judge's instruction, Respondent filed a copy of the

10

order of dismissal. (ECF No. 62-1.) Thereafter, the Magistrate Judge issued her Report finding Petitioner's motion to stay moot and recommending that the Court deny the motion.

After the Magistrate Judge filed her Report, Petitioner again moved to stay this action and hold it in abeyance, asserting that his claim of ineffective assistance of counsel based on counsel's failure to order a second mental evaluation is on appeal to the Supreme Court of South Carolina. Respondent filed a response opposing Petitioner's motion, pointing out (as the Magistrate Judge concluded) that Petitioner's writ of mandamus was dismissed and arguing that Petitioner's appeal of the dismissal of his writ of mandamus does not warrant a stay of this action.

After review, the Court first agrees with the Magistrate Judge that Petitioner's initial motion to stay (ECF No. 23) is moot, as the state court has dismissed Petitioner's writ of mandamus. Next, the Court also agrees with Respondent that Petitioner is not entitled to a stay of this matter based on his appeal of the dismissal of the writ of mandamus.[3] First, as Respondent argues, Judge Hood issued a conditional order of dismissal and a final order of dismissal with respect to Petitioner's second PCR application, finding that Petitioner failed to raise any grounds that he could not have raised in his initial PCR application. Although Petitioner filed a Rule 59(e) motion after Judge Hood issued his final order of dismissal, Judge Hood issued an amended final order of dismissal on June 16, 2015, denying the Rule 59(e) motion and informing Petitioner that he had 30 days to file a notice of appeal of the order. (ECF No. 27-12.) Petitioner did not appeal the order but

---

[3] The United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

instead filed a "reply," reiterating his arguments and asserting that the "amended and the first final orders of dismissal should not become final." (ECF No. 27-13 at 5.)

Here, it is clear that Petitioner's failure to appeal the amended final order of dismissal conclusively exhausted his second PCR application. Thus, not only was the second PCR an improper successive application, but also, Petitioner's filing of a writ of mandamus seeking to compel the state court to rule on his "reply" does not warrant this Court's use of the stay-and-abeyance procedure set forth in *Rhines v. Weber*, 544 U.S. at 277, as a stay would simply delay the Court's dismissal of clearly procedurally barred issues. Accordingly, the Court adopts the Magistrate Judge's findings and denies Petitioner's initial motion to stay (ECF No. 23) and his second motion to stay (ECF No. 71.)

## II.     Petitioner's § 2254

As previously set forth, Petitioner raises four grounds for relief in his § 2254 petition. First, Petitioner contends in ground one that the trial court erred in charging the jury that malice may be inferred from the use of a deadly weapon. As a second ground, Petitioner contends that his trial attorneys were ineffective for failing to: (1) object to Petitioner being seen in shackles; (3) have a second mental evaluation conducted; (3) investigate the whether the incident involved a nail file or a screwdriver; and (4) object to the trial court's jury instruction regarding the inference of malice. Third, Petitioner raises a general argument for violations of the Sixth and Fourteenth Amendments to the United States and South Carolina Constitutions, and as a fourth ground, Petitioner asserts that newly discovered evidence entitles him to relief.

A.    **Grounds One, Three, and Four**

In her Report, the Magistrate Judge agreed with Respondent that grounds one and three are procedurally barred from federal review. In addition, the Magistrate Judge agreed with Respondent that ground four is not a cognizable claim on federal habeas corpus review and that it is procedurally barred from review. (ECF No. 64 at 23-26.)

First, with respect to ground one–alleging that the trial court erred in charging the jury regarding the permissible inference of malice from the use of a deadly weapon, the Magistrate Judge reviewed the record and noted that although Petitioner raised this issue on direct appeal, because no contemporaneous objection was made at the time of trial, the issue was not preserved for appellate review.[4] *See, e.g., Satterfield v. Zahrdadnick*, 572 F.2d 443, 446 (4th Cir. 1978) ("Errors at trial not objected to, in contravention of State contemporaneous objection rules, are not cognizable in federal habeas corpus proceedings, absent a showing of cause for non-compliance and prejudice."); *McKenzie v. Cartledge*, No. 8:13-cv-02488-RBH, 2014 WL 3919711, at *2 (D.S.C. Aug. 11, 2014) *appeal dismissed*, 595 F. App'x 240 (4th Cir. 2015) (finding a claim procedurally barred where the issue was raised on direct appeal, but the appellate court found that the issue had not been preserved for direct review). Accordingly, the Magistrate Judge determined that the issue was procedurally barred from federal habeas corpus review.

Likewise, with respect to ground three–alleging a general argument for violations of

---

[4] As discussed more fully in the next section of this order, the South Carolina Supreme Court decided the case of *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), roughly one month after Petitioner was convicted. In *Belcher*, the South Carolina Supreme Court overruled longstanding South Carolina precedent that approved the charge on the inference of malice based on the use of a deadly weapon. Importantly, the charge given at Petitioner's trial was the approved charge at the time it was given.

the Sixth and Fourteenth Amendments of the United States and South Carolina Constitutions–the Magistrate Judge reviewed the record and agreed with Respondent that the claim is procedurally barred because it was not raised to and ruled upon by the PCR court, nor was it raised in Petitioner's appeal of the PCR court's dismissal.

Third, the Magistrate Judge agreed with Respondent that ground four–alleging that newly discovered evidence[5] entitles him to relief–is not a cognizable claim on federal habeas corpus review and is procedurally barred. First, as the Magistrate Judge noted, the purpose of a habeas corpus petition is to enable a prisoner to obtain relief if he is in custody in violation of federal law, and Petitioner's claim of "newly discovered" or "after discovered" evidence does not set forth a constitutional violation or other federal claim. Next, because Petitioner failed to raise this issue in his initial PCR application, the Magistrate Judge agreed with Respondent that the ground is procedurally barred.

Nowhere in his written objections does Petitioner object to the Magistrate Judge's findings as to grounds one, three, and four of his § 2254 petition.[6] After a thorough review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law as to these grounds. Accordingly, the Court adopts the Magistrate Judge's findings as to grounds one, three, and four and grants Respondent's motion for summary judgment as to these grounds.

---

[5]  The "newly discovered" or "after discovered" evidence to which Petitioner refers is his claim that "after his P.C.R. hearing he found out that SCDC per Dir. of H.I.R. Nadine Pridgen that S.C.D.C. does not have 'any' of his mental health records from 91-98."  (ECF No. 1-1 at 66.)

[6]  In fact, as the Magistrate Judge noted, Petitioner failed to respond to these arguments in his response to Respondent's motion for summary judgment. (ECF No. 64 at 23.) Instead, Petitioner responded only to the arguments involving ground two.

### B.    <u>Ground Two</u>

In her Report, the Magistrate Judge addressed Petitioner's claims of ineffective assistance of counsel on the merits and ultimately determined that the Petitioner failed to show that the PCR court's findings as to these claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or that the PCR court's findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).

In his written objections, Petitioner objects to the Magistrate Judge's treatment of his ineffective assistance claims and asserts that he is entitled to relief.  The Court will address each of Petitioner's ineffective assistance claims in turn.

### 1.    **Counsels' Failure to Object to Petitioner Being Seen in Shackles**

As his first ineffective assistance claim set forth in ground two, Petitioner contends that his trial attorneys were ineffective for failing to object to him being seen in shackles. In her Report, the Magistrate Judge thoroughly reviewed the PCR court's findings and found that Petitioner failed to show that the PCR court unreasonably applied federal law or unreasonably determined the facts.

In his objections, Petitioner asserts that the PCR court's decision was based on an unreasonable determination of the facts because the record contains no evidence that counsel objected to the shackles "on multiple occasions," as the PCR court determined. (ECF No. 73 at 1-2.)  Petitioner also asserts that "the court never granted counsel['s] request that Petitioner take the stand outside the presen[ce] of the jury, this never happened."  (<u>Id.</u> at 3.)

Here, after review, the Court finds Petitioner's objections without merit.  First, as the PCR court recognized, at the beginning of trial, counsel did request that security use plastic shackles rather than metal shackles to avoid any noise.  Specifically, counsel stated:

> Mr. Cooper: Just one matter about the shackles on Mr. Gainey. I would just request that the Court – I know that security wants him shackled. I would just ask the Court put him in plastic shackles rather than metal shackles just to avoid any noise —
>
> The Court: Well, I mean, talk to security about it. . . . But I mean, we just don't want the jury to seek him shackled.
>
> Mr. Cooper: Yes, sir.
>
> The Court: But I mean, I'm not going to —
>
> Security: They've got them now where they can't even hear –
>
> The Court: Okay. If it becomes a problem, let me know. I mean, we don't want a mistrial because somebody sees him shackled. You know, we aren't going to have him running around untethered.
>
> Mr. Cooper: Yes, sir.

(ECF No. 27-1 at 15.)  In addition, as the PCR court also noted, prior to Petitioner taking the stand, counsel raised the issue of Petitioner's shackles.  Counsel stated:

> Mr. Cooper: . . . The one issue I guess we do have is the shackles on the stand.
>
> The Court: Well, you know, we'll put him in the witness chair before the jury comes in and we won't take him out until they go out.
>
> Mr. Cooper: Yes, sir.
>
> The Court: All right. Is that good enough for – I mean, that's what I'm going to do.
>
> Mr. Cooper: Yes, sir.

(*Id.* at 288-89.)

Based on the record, the PCR court determined that "counsel undertook diligent and objectively reasonable precautions to avoid the jury ever seeing that [Petitioner] was wearing shackles." (ECF No. 27-3 at 71.)  The PCR judge also determined that "[i]t is clear the judge and security personnel agreed there was a need for [Petitioner] to remain in his restraints during the course of the trial, but undertook all requested precautions to avoid

16

any improper inferences by the jury." (*Id.*) Accordingly, the PCR court found that Petitioner failed to show that the restraints were ever seen by the jury or that they otherwise resulted in prejudice to his case.

After review, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court unreasonably applied federal law or unreasonably determined the facts in light of the evidence presented. Here, Petitioner has failed to demonstrate that his attorneys' performance was deficient; in fact, as the PCR court noted, Petitioner has offered no evidence to show that any member of the jury saw him in shackles or to show that he was otherwise prejudiced. Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's findings as to this claim.

## 2.    Counsel's Failure to Order a Second Mental Evaluation

As his second ineffective assistance claim set forth in ground two, Petitioner contends that his trial attorneys were ineffective for failing to order a second mental evaluation. Specifically, Petitioner contends that although he underwent a mental health evaluation, counsel should have ordered a second mental health evaluation to determine Petitioner's mental status at the time of the incident, based in part on Petitioner's assertion that "all he remembered was him having a nail file in his hand and once the altercation between him and the victim occurred, he blacked out, he didn't remember what happened." (ECF No. 1-1 at 26.)

In her Report, the Magistrate Judge reviewed the PCR court's findings and agreed with the PCR court that counsel adequately investigated Petitioner's mental health and that Petitioner failed to show prejudice based on the failure to order a second mental health evaluation.

17

In his objections as to this issue, Petitioner simply asserts that "[t]he state court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented . . . ." (ECF No. 73 at 4.)

After review, the Court finds Petitioner's objection to be without merit. First, as the Magistrate Judge noted, the PCR court thoroughly considered this claim and the testimony presented at the PCR hearing and ultimately determined that counsel "reasonably relied on their perceptions and interactions with [Petitioner] during the several months prior to trial to decide a second mental evaluation was not necessary." (ECF No. 27-3 at 69.) In addition, the PCR court found Petitioner's trial attorneys' testimony credible, while the PCR court found Petitioner's testimony not credible. Thus, the PCR court found that Petitioner's trial attorneys were not deficient for failing to order a second mental evaluation, and that Petitioner failed to establish any prejudice as a result of the failure to order a second mental evaluation. (*Id.* at 70.) As the Magistrate Judge also noted, this is not a case where *no* mental evaluation was performed. (ECF No. 64 at 31.) Rather, Petitioner was evaluated and deemed competent, and after review, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's findings on this issue were based on an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly, the Court adopts the Magistrate Judge's findings as to this claim.

### 3.    Counsels' Failure to Investigate the Matter of the Nail File/Screwdriver

As his third ineffective assistance claim set forth in ground two, Petitioner contends that his trial attorneys were ineffective for failing to investigate "the matters of the nail file vs. screwdriver." (ECF No. 1-1 at 39.) Specifically, Petitioner contends that he told his

18

attorneys that there was no screwdriver involved in the incident, and that the only thing around was a nail file, which would not be considered a dangerous weapon. (*Id.* at 42-43.)

The Magistrate Judge thoroughly reviewed the PCR court's findings on this issue and again found that Petitioner failed to demonstrate that the PCR court unreasonably applied clearly established federal law or unreasonably determined the facts in light of the evidence presented.

In his objections, Petitioner simply states that "[t]he state court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (ECF No. 73 at 4.)

After review, the Court finds Petitioner's objections to be without merit. First, with regard to this claim, the Magistrate Judge noted the following:

> In rejecting this ineffective-assistance-of counsel allegation, the PCR court found Petitioner failed to meet his burden of proof. App. 572. Additionally, the PCR court found "the evidence set forth in the record is clear in showing the wounds inflicted to victim's body were horrific and not the product of a nail file as he now alleges." App. 573. Additionally, the PCR court found the record did not contain "any mention of a nail file" from any witness including Petitioner. *Id.* Moreover the PCR court held that the "instrument" used during the crime had little bearing on the ultimate analysis of the court. *Id.* Rather, the PCR court determined that the jury could have reasonably inferred implied malice existed based on the victim[']s multiple stab wounds, the victim's disembowelment, and the trauma surgeon's testimony that victim's injuries were life-threatening. App. 574.

(ECF No. 64 at 33.) The Magistrate Judge next noted that trial counsels' testimony at the PCR hearing, which the PCR court found credible, supports the PCR court's findings. In addition, the Magistrate Judge noted that the PCR court did not find Petitioner's testimony on this issue credible, and the Magistrate Judge ultimately determined that the PCR court's credibility determinations were entitled to deference.

After review, the Court wholly agrees with the Magistrate Judge's findings on this issue. As the Magistrate Judge noted, "[a] review of the trial transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here." (ECF No. 64 at 35.) Because Petitioner has failed to demonstrate that the PCR court unreasonably applied clearly established federal law or unreasonably determined the facts in light of the evidence, the Court grants Respondent's motion for summary judgment as to this claim.

### 4.     Counsel's Failure to Object to Jury Instruction on Malice

As his final ineffective assistance claim set forth in ground two, Petitioner contends that his trial attorneys were ineffective for failing to object to the trial court's jury charge regarding the inference of malice from the use of a deadly weapon.

In her Report, the Magistrate Judge reviewed the PCR court's findings on this claim and determined that Petitioner failed to show that the PCR court unreasonably applied federal law or unreasonably determined the facts. As set forth in footnote four, the South Carolina Supreme Court decided *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), approximately one month *after* Petitioner's conviction. In that case, the court overruled longstanding South Carolina precedent approving the charge on malice given at Petitioner's trial, and Petitioner's attorneys were not ineffective for failing to anticipate this change in the law.

In his objections, Petitioner reiterates his assertion that the trial court erred in instructing the jury, and he appears to assert a new claim as well–that the trial court failed to instruct the jury on the element of criminal intent. After review, the Court finds Petitioner's objection to be without merit.

First, as the Magistrate Judge concluded, the PCR court's application of *Strickland* was not unreasonable; as the PCR court determined, the charge given at Petitioner's trial was in accordance with state law at the time, and trial counsel did not perform deficiently by failing to object to the charge. In addition, with respect to Petitioner's apparent new claim that the trial court failed to instruct the jury on the element of criminal intent, this claim is not properly before the Court, and, as discussed below, the Court finds that Petitioner is not entitled to amend his petition to raise this claim. In summary, the Court agrees with the Magistrate Judge that counsel was not deficient for failing to object to the trial court's malice charge, and the Court adopts the Magistrate Judge's findings as to this claim. Accordingly, the Court finds that Respondent is entitled to summary judgment on all of Petitioner's ineffective assistance claims set forth in ground two.

## III.    Petitioner's Motion to Amend

After the Magistrate Judge filed her Report, Petitioner filed a motion to amend, and Respondent filed a response in opposition to the motion. In his motion to amend, Petitioner reasserts his first three claims of ineffective assistance of counsel set forth in ground two, which the Court previously addressed. As a fourth claim, however, Petitioner raises the new issue of the trial court's alleged failure to instruct the jury on the element of criminal intent, asserting that it is a free-standing claim and that the Court's failure to hear the claim will result in a miscarriage of justice. Petitioner also summarily asserts that he is "actually innocen[t]." (ECF No. 72-1 at 2.)

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

21

"The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original).

Here, after review, the Court denies Petitioner's motion to amend.  First, the Court finds that Petitioner's motion simply comes too late, as this habeas corpus action has been pending for more than a year, and Petitioner offers no explanation for his delay in seeking to add this claim, which is not based on any newly discovered evidence.  Second, the Court finds that the amendment would be futile insofar as Petitioner's claim that the trial court erred by failing to instruct the jury on the element of criminal intent would be procedurally barred.  As with Petitioner's claim regarding the trial court's jury charge on the inference of malice, no contemporaneous objection was raised at trial, thereby precluding appellate review.  In addition, Petitioner did not raise the issue of the trial court's jury charge on criminal intent during post-conviction review, and the Court does not believe Petitioner has shown a miscarriage of justice that would excuse his failure to raise the claim, or that Petitioner has in any way demonstrated his factual innocence.  Accordingly, Petitioner's motion to amend is denied.

## CONCLUSION

After review, the Court finds that the Magistrate Judge's Report fairly and accurately summarizes the case and the applicable law.  Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 64) in full and incorporates it herein; overrules Petitioner's objections (ECF No. 73); denies Petitioner's motions to stay (ECF Nos. 23; 71);

denies Petitioner's motion to amend (ECF No. 72); and grants Respondent's motion for summary judgment (ECF No. 28).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 30, 2016
Charleston, South Carolina

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims to be debatable or wrong, or that the issues presented were adequate to deserve further attention. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.